UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-335 |
| | § | |
| PINNACLE FINANCIAL | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff John Duncan brings this home foreclosure suit seeking declaratory and injunctive relief against five Defendants—his original mortgage lender Pinnacle Financial Corporation, the current mortgage holder Deutsche Bank National Trust Association, his loan servicer GMAC Mortgage, LLC, and Thomas Black and Gregory Graham, two individuals who had formerly been trustees on the deed of trust—to prevent Defendants from foreclosing on his home.

Defendants Deutsche Bank and GMAC Mortgage, LLC have moved for judgment on the pleadings. Docket Entry No. 11. Although Duncan was originally represented by counsel, his counsel withdrew after Defendants removed the case to this Court, and Duncan now proceeds *pro se*. Although the Court gave Duncan two chances and additional time to either retain new counsel or submit a *pro se* response, Duncan did not respond to the motion. The Court, having

1

considered Duncan's petition, Defendants' motion, and the underlying law, now **GRANTS** the motion for judgment on the pleadings and dismisses Duncan's claims against all Defendants.

I.   **BACKGROUND**

Duncan's state court petition, which he never amended in federal court,[1] alleges very few facts. Duncan purchased the property at issue in this case, a home located in Angleton (the "Property"), in May 2006 with the assistance of two mortgage loans from Pinnacle Financial Corporation. The first loan, which had priority, was for $88,000, while the second was for $22,000. The first loan was assigned to Defendant Deutsche Bank in November 2011.[2] In July 2012, Duncan received notice that he had defaulted and the loan had been accelerated. Docket Entry No. 1-2 at 17 ¶ 12. The Property was sold to Deutsche Bank at a foreclosure sale in early October 2012.[3] *See* Docket Entry No. 11-1 at 45–49 (deed of trust conveying property to Deutsche Bank).

---

[1] The Court's practice, which it explained to Duncan at the scheduling conference, is to set a deadline in the scheduling order by which the parties may file amended pleadings without seeking leave.

[2] Of course, the Court must take all well-pleaded facts in Duncan's petition as true, and Duncan alleges that Deutsche Bank was not the mortgagee. *See* Docket Entry No. 1-2 at 16 ¶ 5. However, he filed a copy of the assignment to Deutsche Bank as an attachment to his petition. *See* Docket Entry No. 1-2 at 86. The Court thus considers the assignment at the Rule 12 stage.

[3] Although Duncan alleges that a proper foreclosure did not occur, the Court takes judicial notice of the land records showing that the sale occurred. *See Welcome to Brazoria County Clerk Online Services, Brazoria County Clerk*, http://www.brazoriacountyclerk.net/recorder/web/ (last visited May 10, 2013); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a [Rule 12] motion to take judicial notice of matters of public record." (citation omitted)).

Duncan's allegations fall into two general categories. First, Duncan alleges that he "is not in default under the terms of the Notes as alleged," although he seems to claim both that he did not default and that he did default, just not to the extent claimed by Defendants. Docket Entry No. 1-2 at 17 ¶ 15. Second, he argues that the foreclosure is void because Defendants failed to follow the foreclosure procedures prescribed by Texas law. *See id.* at 17 ¶ 13 (alleging that "the substitute trustees as agents for Pinnacle, Deutsche and/or GMAC and [sic] all were involved in the preparation of current and former fraudulent foreclosure notices, including the Notice of Default, Substitution of Trustees and Notice of Trustee's Sale, Assignment of Note and Deed, and improper assignment, notice and recordation of same"). Based on these allegations, Duncan requests declaratory and injunctive relief, as well as an accounting to show how much he owes Defendants. Duncan brings no claims for damages.

Duncan filed suit in Brazoria County district court to halt the foreclosure in late October 2012, several weeks after the sale occurred. Defendants timely removed the case to this Court in November 2012. Duncan's counsel then moved to withdraw, and the Court granted her motion. On January 16, 2013, the Court held a telephone scheduling conference in the case, at which Duncan appeared *pro se*. At that conference, Duncan indicated his desire to retain new counsel, and Defendants informed him that they would soon file a Rule 12 motion.

Accordingly, the Court explained to Duncan that he would have 21 days from the date Defendants filed their motion to respond. The Court also told Duncan that he would have to file a *pro se* response if he could not retain new counsel.

Defendants filed their motion on January 24, 2013. Duncan failed to respond by the February 14 deadline. Given Duncan's *pro se* status, the Court scheduled a second conference for March 21. Although the Court originally ordered Duncan to attend the conference in person, Duncan ultimately attended by telephone after seeking special dispensation to attend remotely due to an illness. At the March 21 conference, the Court set a firm deadline of April 15 for Duncan to respond to Defendants' motion. The Court again informed Duncan that he would have to file his response *pro se* if he was unable to retain counsel. Duncan never filed his response, and Defendants' motion for judgment on the pleadings is ripe for review.

## II. STANDARD OF REVIEW

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citation omitted). Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a motion to dismiss, a claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. DISCUSSION

The Court first notes that Duncan's request for injunctive relief is moot because the Property has already been sold at foreclosure, and thus an injunction preventing foreclosure would serve no purpose. *See Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 414 (5th Cir. 2011) (per curiam) ("[T]he appeal of Pollett's motion for a restraining order/preliminary injunction is moot because Aurora has already foreclosed on his home." (citations omitted)).

Duncan's requests for declaratory relief must also be dismissed, though for different reasons. Duncan first requests declarations that he did not breach the terms of the notes or deed of trust and—somewhat conversely—that the arrears amount is in dispute. *See* Docket Entry No. 1-2 at 17 ¶ 16(a), 19 ¶ 1. The Declaratory Judgment Act allows this Court to "declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a), but it can only do so where there is an actual controversy, that is, "a dispute that is 'definite and concrete,

5

touching the legal relations of parties having adverse legal interests.'" *Val-Com Acquisitions Trust v. Chase Home Fin., LLC*, 428 F. App'x 364, 365 (5th Cir. 2011) (per curiam) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Moreover, in addition to these background requirements of Article III, the Declaratory Judgment Act itself gives this Court "unique and substantial discretion" to decide whether to issue declaratory relief. *Sherwin-Williams v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003).

As Duncan orally admitted during the scheduling conferences, he is in arrears on his mortgage payments. Given that Duncan admitted his default, the Court sees no basis for allowing him to proceed with his clearly unsupported claim for a declaration that he never breached the terms of the notes or deeds of trust, and it will exercise its discretion to dismiss this claim.

To the extent that Duncan requests a declaration regarding the extent to which he is in arrears, the Court determines that this issue is not ripe. While a court declaration could theoretically affect Duncan's personal liability for the remaining amounts owed, such a dispute is hypothetical. Defendants have not asserted in this case any claims against Duncan based on his outstanding liability, and there is no indication that they plan to do so in a collections suit. If the issue of Duncan's personal liability should arise in some future case, Duncan may litigate it at that time. This speculative dispute does not give rise to a ripe

controversy in this case. *Cf. Nino v. JPMorgan Chase N.A.*, No. SA-11-CV-0564 FB (NN), 2011 WL 5040454, at *2 (W.D. Tex. Oct. 24, 2011) (noting, where a lender had not yet initiated foreclosure, that "[a]nticipation does not rise to the level of ripeness" because "[b]elieving a lender may foreclose does not create a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests"). Similarly, Duncan's demand for an accounting, to the extent it is not moot now that Defendants have provided a statement showing his payment history on the first loan, *see* Docket Entry No. 11-1 at 51–62, is not ripe because it only relates to Duncan's potential personal liability.

Duncan also requests a declaration that Defendants had no right to foreclose because they failed to follow a number of foreclosure procedures required by Texas law. *See* Docket Entry No. 1-2 at 19 ¶ 1. Even assuming that this request is not moot given that Defendants have already foreclosed, Duncan has failed to plead any facts to support this claim. Indeed, the only allegation Duncan makes on this regard is the conclusory description of the foreclosure notices as "fraudulent," his stated belief that Defendant GMAC was not "the real party in interest," and an unexplained allegation that "[p]rior to the alleged foreclosure sale, GMAC represented to Duncan that GMAC had already foreclosed." *Id.* at 17 ¶¶ 13, 15; *id.* at 18 ¶ 19. These cursory allegations are clearly insufficient to satisfy the federal pleading standards, and thus Duncan's final request for declaratory relief

7

must be dismissed.[4]

Additionally, the Court notes that dismissal is also appropriate on Duncan's claims against the remaining three Defendants, who did not move for dismissal. District courts are authorized to enter orders of dismissal *sua sponte* under appropriate circumstances. *See First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135 (5th Cir. 1995) (citation omitted); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."). Given that Duncan makes no additional allegations specific to these Defendants, other than a conclusory statement that the individual Defendants "committed fraud as the Trustee for Pinnacle," the Court finds that dismissal of Duncan's claims against them is appropriate. Docket Entry No. 1-2 at 15 ¶¶ 3–4.

## IV. CONCLUSION

For the foregoing reasons, Duncan's claims must be dismissed. Accordingly, Defendants' motion for judgment on the pleadings (Docket Entry No.

---

[4] The Court notes that Duncan's pleading is not entitled to the more liberal *pro se* pleading standard because counsel represented him when it was filed and presumably drafted it. However, even if Duncan was entitled to have his petition "broadly construed" as a *pro se* filing, *Ross v. Fifth Third Bank*, No. H-11-1087, 2011 WL 3299814, at *1 (S.D. Tex. Aug. 1, 2011) (citation omitted), the Court holds that his allegations would still be insufficient to state a claim.

11) is **GRANTED**.  Duncan's claim for a declaratory judgment that Defendants had no right to foreclose because they failed to give proper notice is **DISMISSED WITH PREJUDICE**.  All of Duncan's other claims, which were dismissed either for justiciability reasons or in this Court's discretion under the Declaratory Judgment Act, are **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

    **SIGNED** this 13th day of May, 2013.

                                                                           _____
                                                                                Gregg Costa
                                                                    United States District Judge